

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAPHNE BERGMAN, as guardian and next friend of CORSHON BERGMAN, and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE HONORABLE TIMOTHY EVANS, Cook County Chief Judge, and THE HONORABLE CURTIS HEASTON, Cook County Juvenile Justice Presiding Judge, in their Official Capacities, <br><br> Defendants. | 09 C 9 <br><br> Hon. Charles R. Norgle |

## MEMORANDUM OPINION

CHARLES R. NORGLE, District Judge

Before the Court is Defendants' Motion to Dismiss the First Amended Complaint. For the following reasons, the Motion is granted.

### I. BACKGROUND

**A. Facts**

Plaintiff Daphne Bergman ("Daphne" or "Plaintiff"), Guardian and Next Friend of minor Corshon Bergman ("Corshon"), alleges the following facts in her First Amended Complaint, which she filed on April 6, 2009. Corshon, who is seventeen years old, lives with his mother Daphne at 556 West 125th Street in Chicago, Illinois. Defendants are the Honorable Timothy Evans ("Evans"), Chief Judge of the Circuit Court of Cook County, Illinois, and the Honorable Curtis Heaston ("Heaston"), the Cook County Juvenile Justice Presiding Judge. As Chief Judge,

1

Evans has authority to, *inter alia*, establish the times and places court is held. As Presiding Judge of the Juvenile Justice Division, Heaston is responsible for the adjudication of matters related to the prosecution of delinquent minors, including determinations of pretrial detention.

At 1:30 p.m. on Friday January 4, 2008, Chicago police officers arrested Corshon, then sixteen years old, on suspicion of residential burglary. Officers took Corshon to the 5th District police station where he was processed as a juvenile. Corshon was later transferred to the Cook County Juvenile Detention facility, where he was held for over seventy hours without being brought before a judge for a determination of probable cause. At 10:00 a.m. on Monday January 7, 2008, Corshon appeared before a judge at the Cook County Juvenile Courthouse and was released on home confinement following a finding of probable cause to detain.

Daphne further alleges that Corshon's experience is not unique. She alleges that Cook County Juvenile Justice Courts hold detention hearings only on weekdays, pursuant to Illinois statutory law.

> Unless sooner released, a minor alleged to be a delinquent minor taken into temporary custody must be brought before a judicial officer within 40 hours for a detention or shelter care hearing to determine whether he or she shall be further held in custody . . . In all cases, the 40 hour time period is exclusive of Saturdays, Sundays and court-designated holidays.

705 ILL. COMP. STAT. 405/5-415(1). Juveniles arrested on Fridays are therefore not brought before a judge for a determination of probable cause for between 60 and 80 hours after their arrest. On three-day weekends, the wait time can be as long as 105 hours. Under state law and Cook County procedure, adult detainees are given a bond hearing within 48 hours regardless of weekends or holidays. See 725 ILL. COMP. STAT. 5/109-1(a); People v. Sterling, 828 N.E.2d 1264, 1276 (Ill. App. Ct. 2005). The delay in determining probable cause for minor detainees,

Daphne alleges, violates the Fourth Amendment and the Equal Protection Clause of the United States Constitution. See Gerstein v. Pugh, 420 U.S. 103, 124-25 (1975) ("Whatever procedure a State may adopt, it must provide a fair and reasonable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest."); County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991) ("a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein.").

Plaintiff seeks, *inter alia*, an injunction ordering Defendants to immediately create a weekend and holiday bond court for juveniles.

## B. Procedural History

Defendants filed a Motion to Dismiss Plaintiff's original Complaint on March 4, 2009. The Court heard the Motion on March 6, 2009. Plaintiff's attorneys did not appear at the motion hearing, during which the following exchange took place between the Court and Defendants' attorney.

> THE COURT: Your colleagues have not appeared to oppose this motion. As I have said, it appears to be meritorious on its face and well-supported by case law. And so if the Court grants the Motion on 11th Amendment grounds, and also on absolute immunity in terms of Judge Evans and Judge Heaston, on those two grounds, would there be anything left before the federal court?
> MS. KEANE: Your honor, the plaintiff has sued for damages, which would be out of the case once you rule on those issues. She has also sued for injunctive relief.
> THE COURT: Damages in the sense that if damages were obtained, it would come from the state treasury, and that could not happen under the 11th Amendment here in the federal court.
> MS. KEANE: That's correct. And also under judicial immunity.
> THE COURT: Absolute judicial immunity.
> MS. KEANE: Absolute judicial immunity. There is also injunctive relief sought.

> However, based on the changes to Section 1983 limiting injunctive relief against judges to very specific instances, they have not met the instances related to declaratory relief, the availability of declaratory relief, and have not made any pleading – and have not pled any of those issues.
> THE COURT: Have the plaintiffs sued Judge Evans or Judge Heaston in their personal capacity?
> MS. KEANE: No, they have not. It's a totally official capacity case.
> THE COURT: All right. *So in terms of the 11th Amendment, the motion is granted. In terms of absolute judicial immunity, the motion is granted.* Now, if you are telling me that this modification to [section] 1983 appertains here – and I will accept your argument on this point – what I will do is dismiss the complaint as it presently stands on that last issue, but give the plaintiffs an opportunity to file an amended complaint, and to which you – within 21 days, and to which you may answer or otherwise plead in 20. But it would be only on that, the third issue that you have just suggested in terms of injunctive relief.

Tr. of Proceedings before the Honorable Charles R. Norgle, Sr., March 6, 2009, 4-6 (emphasis added).

Daphne filed her First Amended Complaint on April 6, 2009. The First Amended Complaint contains the same factual allegations as does the original Complaint, but seeks only injunctive relief. Defendants filed the instant renewed Motion to Dismiss on April 27, 2009. At a May 22, 2009 hearing on Plaintiff's motion for extension of time in which to respond, the Court asked Plaintiff's counsel to address the issue of standing in his Response brief. Plaintiff's counsel complied with the Court's request on May 29, 2009, and Defendants filed their Reply brief on June 5, 2009. The Motion is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

Defendants have filed their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) requires that Courts dismiss claims over which they lack subject-matter jurisdiction. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005)

4

("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court recognizes, however, that the "old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the Bell Atlantic decision." Limestone Dev. Corp. v. Vill. of Lamont, 520 F.3d 797, 803 (7th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)). Following Bell Atlantic, a complaint will survive a motion to dismiss only when the complaint "contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." Limestone Dev. Corp., 520 F.3d at 802-03.

## B. Defendants' Motion to Dismiss

The Court has already dismissed Plaintiff's original Complaint on the well-established principles of absolute judicial immunity and state sovereign immunity under the Eleventh Amendment. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (the doctrine of judicial immunity is applicable to suits filed pursuant to 42 U.S.C. § 1983); Bradley v. Fisher, 13 Wall. 335, 351 (1872) ("judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are

alleged to have been done maliciously or corruptly."); Edelman v. Jordan, 415 U.S. 651, 662-663 (1974) (the Supreme Court "has consistently held that an unconsenting state is immune from suits brought in federal court by her own citizens."); Will v. Michigan Dep't State Police, 491 U.S. 58, 71 (1989) (state agencies and state officials sued in their official capacities are "the State" for the purposes of the Eleventh Amendment); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 72-73 (1996) (the Eleventh Amendment restricts the jurisdiction of federal courts).

However, the Court allowed Plaintiff to amend her Complaint pursuant to an exception to the principle of judicial immunity embedded within § 1983: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*" 42 U.S.C. § 1983 (emphasis added). Defendants correctly assert that Plaintiff, in her First Amended Complaint, has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. Plaintiff has therefore not stated a claim upon which relief can be granted. See Limestone Dev. Corp., 520 F.3d at 802-03. Her First Amended Complaint must be dismissed for this reason alone.

Moreover, Defendants correctly assert that Plaintiff has no standing to pursue this case. In order for a plaintiff to demonstrate standing in a suit seeking injunctive relief has standing, he or she must show:

> that he [or she] is under a threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural and hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

6

Summers v. Earth Island Inst., 129 S. Ct. 1142, 1149 (2009). There are two exceptions to this rule. The first exception "governs claims that are based on transitory harms," such as the temporary detention of a minor child. Carter ex rel M.C. v. Doyle, 95 F. Supp. 2d 851, 857 (N.D. Ill. 2000). "This is a paradigmatic example of an injury 'capable of repetition, yet evading review.'" Id. (quoting Gerstein, 420 U.S. at 110 n.1). The other exception comes into play in class action suits where the named plaintiff's claim has become moot, but class members continue to suffer identical injuries. Id. (citing Sosna v. Iowa, 419U.S. 393, 400-01 (1975)). However, in order for the second exception to apply, the named plaintiff's claim cannot have been moot at the time the suit was filed. Id. at 858.

In this case, Plaintiff cannot show that Corshon is under threat of suffering an imminent injury at the hands of Defendants. See Summers, 129 S. Ct. at 1149. Plaintiff alleges, in her First Amended Complaint, that Corshon is seventeen years old. He can therefore no longer be detained pursuant to the Illinois Juvenile Courts Act. See 705 ILL. COMP. STAT. 405/5-105(3) ("'Delinquent minor' means any minor who prior to his or her 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or State law, county or municipal ordinance."). Corshon's alleged injury – his seventy hour detention as a delinquent minor – therefore cannot be repeated. See Gerstein, 420 U.S. at 110 n.1. In addition, since Corshon was seventeen when Daphne filed her original Complaint, he could not then have been detained as a delinquent minor in Illinois; Plaintiff's claim for injunctive relief was therefore moot when it was filed. See Carter, 95 F. Supp. 2d at 858. Plaintiff thus has no standing to bring her Amended Complaint, which seeks only injunctive relief, and no exception to the standing rule applies.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: August 6, 2009